IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES HOLOVICH, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-1107 |
| | : | |
| v. | : | |
| | : | |
| PROGRESSIVE SPECIALTY | : | |
| INSURANCE CO., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                          April 28, 2022

The plaintiff's vehicle was legally parked when it was struck and damaged by another vehicle, whose operator had acted negligently. Both the plaintiff and the tortfeasor had automobile insurance policies with the defendant insurer. The plaintiff initially submitted a claim under the tortfeasor's policy with the insurer, and the insurer paid for the repairs to the plaintiff's vehicle and for the plaintiff to use a rental car while his vehicle was out of commission. The plaintiff then submitted another claim to the insurer where he attempted to obtain additional compensation for the diminished value of the vehicle. The insurer denied the claim, asserting that there was "no such thing" as diminished value.

Undeterred, the plaintiff then attempted to obtain compensation for the diminished value of his vehicle by submitting a claim for underinsured motorist benefits under his own policy with the insurer. The insurer again denied the claim because "no such thing" existed. Based on this denial, the plaintiff obtained counsel, who sent a letter to the insurer pointing out that diminution-in-value damages were recoverable under Pennsylvania law and attaching an expert report supporting the plaintiff's diminution-in-value claim. The insurer responded to this letter by again

denying the claim, but this time informing the plaintiff that the denial was based on his failure to prove that the vehicle diminished in value.

Having been unsuccessful in his claims with the insurer, the plaintiff filed an action in state court against the insurer, asserting causes of action for (1) breach of contract related to the tortfeasor's policy, (2) breach of contract related to his policy, (3) unjust enrichment, and (4) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law. The defendant removed the matter to this court, and it has now moved to dismiss the complaint in its entirety, arguing that the plaintiff has failed to state any claim upon which relief may be granted. The plaintiff, for reasons unknown, has decided not to respond to the motion to dismiss. Despite this failure, the court has reviewed the merits of the motion and will grant in part and deny in part the motion to dismiss.

The court will grant the part of the motion to dismiss (1) to the extent that the plaintiff attempts to bring a breach of contract claim under the tortfeasor's policy, because he lacks standing to bring such a claim, (2) as to the unjust enrichment claim, because the existence of a valid insurance agreement between the parties is not in dispute in this case, and (3) as to the Unfair Trade Practices and Consumer Protection Law claim, because this law only applies to the sale of an insurance policy and not to insurance claims handling, and the crux of the allegations in the complaint relate to the insurer's claims handling. The court will deny the part of the motion seeking dismissal of the plaintiff's breach of contract claim relating to his own policy with the insurer because the defendant bases its argument on an exclusion in the insurance policy and neither party has provided the court with a copy of the policy. In addition, while the insurer claims that Pennsylvania law does not recognize first party claims for diminution of value, it has not provided sufficient legal support for this argument at this time.

## I.   ALLEGATIONS AND PROCEDURAL HISTORY

On February 20, 2022, the plaintiff, James Holovich ("Holovich"), filed a complaint against the defendant, Progressive Specialty Insurance Co. ("Progressive") in the Court of Common Pleas of Philadelphia County. *See* Compl. at ECF pp. 2, 3, Doc. No. 1-5. In the complaint, Holovich alleges that his 2017 Tesla X (the "Vehicle") was involved in a motor vehicle accident on May 22, 2021. *See id.* at ¶ 5. On that date, a vehicle operated by Allison Zimmerman ("Zimmerman"), who was insured by Progressive, struck the Vehicle while it was legally parked. *See id.* Holovich also maintains automobile insurance through Progressive. *See id.* at ¶ 6.

Holovich presented a claim to Progressive through Zimmerman's policy on May 25, 2021.[1] *See id.* at ¶ 7. Progressive investigated the claim and determined that the estimate to repair the damage to the Vehicle was $12,617.27. *See id.* at ¶ 8, Ex. 1. The Vehicle was then sent to a repair company, which completed all repairs in July 2021. *See id.* at ¶ 9. While the Vehicle was being repaired, Progressive paid for a rental car for Holovich's use. *See id.* at ¶ 10.

In addition to the repair costs, Holovich and/or his husband, presented additional requests for compensation for the diminished value of the Vehicle to Progressive. *See id.* at ¶ 12. In response to these requests, a Progressive claims representative indicated that "there is 'no such thing' as diminished value." *Id.* at ¶¶ 13, 14.

After Holovich was unsuccessful in seeking compensation for the diminished value of the Vehicle on his claim through Zimmerman's Progressive policy, he submitted a claim for underinsured motorist benefits through his own Progressive automobile insurance policy. *See id.* at ¶ 15. In presenting this claim, Holovich spoke to the same Progressive claims representative who refused his diminished value claim under Zimmerman's policy, and this claims representative

---

[1] Holovich believes that Zimmerman's policy limit was $25,000. *See* Compl. at ¶ 11.

again stated that there was "no such thing" as diminished value and refused to allow Holovich or his husband to speak to a supervisor. *See id.*

Due to the denials of his diminished value claim, Holovich engaged legal counsel, who sent a letter to Progressive which also contained an expert report supporting Holovich's requested amount of compensation for the diminished value of the Vehicle.[2] *See id.* at ¶¶ 16, 17, Exs. 3, 4. After receipt of the attorney's letter, Progressive "switched gears, no longer claiming that there is no such thing as diminished value." *Id.* at ¶ 18. Instead, Progressive asserted that Holovich had not proven his claim and the expert's report was only an "opinion." *Id.* at ¶ 19, Ex. 5. Holovich claims that Progressive's "stonewalling," which went from denying that diminished value existed to then stating that his expert had just given an opinion, "is baffling at best." *Id.* at ¶ 22.

Holovich asserts that "[e]very single person who is involved in the car industry, including insurance companies, knows that people will pay more for vehicles that have <u>not</u> been in a collision." *Id.* at ¶ 20. In other words, "everyone values less a vehicle that has been involved in a collision that sustains significant damage requiring over ten thousand dollars in repairs." *Id.* at ¶ 21.

Based on these allegations, Holovich asserts the following claims against Progressive: (1) breach of contract (under the Zimmerman policy); (2) breach of contract (under his Progressive policy); (3) unjust enrichment; and (4) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2, *et seq.* ("UTPCPL"). *See id.* at 5–8. For relief, Holovich seeks equitable relief, compensatory damages, and attorney's fees and costs. *See id.*

On March 22, 2022, Progressive removed the matter from the Court of Common Pleas to this court. *See* Doc. No. 1. Seven days later, Progressive filed a motion to dismiss all causes of

---

[2] Holovich's expert opined that the value of the Vehicle diminished by $27,435.50 because of the accident. *See* Compl., Ex. 4.

action in the complaint. The plaintiff has neither filed a response to the motion to dismiss nor filed

an amended complaint. The motion is therefore ripe for disposition.[3]

## II.    DISCUSSION

### A.    <u>Standard of Review – Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)</u>

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a

complaint or a portion of a complaint for failure to state a claim upon which relief can be granted.

*See* Fed. R. Civ. P. 12(b)(6) ("[A] party may assert the following defenses by motion: . . . (6)

failure to state a claim upon which relief can be granted[.]"). A motion to dismiss under Rule

12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*,

1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). As the moving party, "[t]he defendant bears the

---

[3] Under this court's Local Civil Rules, Holovich had 14 days to file a response to the motion to dismiss. *See* E.D. Pa. Loc. Civ. R. 7.1(c) ("Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that maybe appropriate, within fourteen (14) days after service of the motion and supporting brief."). According to the certificate of service attached to the motion to dismiss, Progressive served Holovich with the motion on the same date that it was filed. *See* Doc. No. 3 at ECF p. 4 ("The undersigned counsel does hereby certify that on March 29, 2022, the foregoing **MOTION TO DISMISS** was filed electronically and served on counsel for all parties."). Based on this service date, Holovich had until April 12, 2022, to file a response to the motion to dismiss.

Holovich also could have filed an amended complaint in response to the motion to dismiss as a matter of right. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within: . . . (B) 21 days after service of a motion under Rule 12(b) . . . ."). If Holovich intended to file an amended complaint, he had until April 19, 2022, to file the amended complaint.

Holovich has not filed a response to the motion to dismiss or an amended complaint, and the time for him to do so has passed. With respect to the failure to file a response to a motion, the court recognizes that Local Civil Rule 7.1(c) also provides that "[i]n the absence of timely response [to a motion], the motion may be granted as uncontested except as provided under Fed.R.Civ.P. 56." E.D. Pa. Loc. Civ. R. 7.1(c). Based on this Local Rule, and especially considering the plaintiff is represented by counsel, this court could grant the instant motion to dismiss as uncontested. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30–31 (3d Cir. 1991) (concluding that district court should not have dismissed complaint solely on basis of plaintiff not responding to motion to dismiss "without any analysis of whether the complaint failed to state a claim upon which relief can be granted," but explaining that "we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis. ***There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked***" (emphasis added)); *see also Brown v. DiGuglielmo*, 418 F. App'x 99, 102 (3d Cir. 2011) (explaining that, in *Stackhouse*, "we observed that 'some cases' could be dismissed as unopposed (*e.g.*, if the party is represented by counsel or failed to comply with a court's order)"); *Lada v. Del. Cnty. Cmty. College*, Civ. A. No. 08-cv-4754, 2009 WL 3217183, at *10 (E.D. Pa. Sept. 30, 2009) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested." (citations omitted)). Even though the court could deem the motion uncontested, the court determines that the best course is to review the merits of the motion.

burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

In general, a complaint is legally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The touchstone of [this] pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Although Rule 8(a)(2) does "not require heightened fact pleading of specifics," it does require the recitation of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotation omitted). "In ruling on a 12(b)(6) motion, courts can and should reject legal conclusions, unsupported conclusions, unwarranted references, unwarranted deductions, footless conclusions of law, and sweeping legal conclusions in the form of actual allegations." *Bright v. Westmoreland Cnty.*, 380 F.3d 729, 735 (3d Cir. 2004) (citation and internal quotation marks omitted). Ultimately, a complaint must contain facts sufficient to nudge any claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "The defendant bears the burden of showing that no claim has been presented." *Hedges*, 404 F.3d at 750 (citation omitted).

### B.   Analysis

In the motion to dismiss, Progressive asserts that the court should dismiss each count of the complaint. Regarding the breach of contract claim related to Zimmerman's policy, Progressive argues that Pennsylvania law prohibits a third-party such as Holovich from bringing a direct action

6

against an alleged tortfeasor's liability insurer. *See* Br. in Supp of Mot. to Dismiss ("Def.'s Br.") at ECF pp. 3–6, Doc. No. 3-1. As for Holovich's breach of contract claim under his own Progressive policy, Progressive contends that Pennsylvania law prohibits an insured from asserting a first party claim for diminution of the value of a vehicle. *See id.* at ECF pp. 6–7. Progressive also points out that Holovich's policy does not extend to diminution of the value of the Vehicle because it has an exclusion expressly preventing such a claim. *See id.* at ECF p. 6. As for Holovich's cause of action for unjust enrichment, Progressive argues that Holovich cannot maintain this claim because he never conferred any benefit upon it. *See id.* at ECF p. 7. Further, Progressive contends that Holovich is precluded from bringing this claim because the parties' relationship is based on a written contract. *See id.* Finally, concerning the UTPCPL claim, Progressive asserts that a plaintiff cannot assert such a claim under this statute based on the handling of an insurance claim. *See id.* at ECF p. 7–9. The court will address each argument in turn.

### 1.    Breach of Contract Claim Under Zimmerman's Policy

In the complaint, Holovich alleges that Zimmerman paid premiums to Progressive for an automobile policy with liability limits of $25,000. *See* Compl. at ¶ 24. In exchange for these premiums, Progressive had to provide insurance for any accident for which Zimmerman was found responsible. *See id.* at ¶ 26. Holovich asserts that Progressive essentially admitted that Zimmerman was liable for the accident when it paid for the Vehicle's repairs and Holovich's rental car. *See id.* at ¶ 27.

Holovich claims that he is an intended third-party beneficiary of Zimmerman's Progressive policy. *See id.* at ¶ 25. When Progressive declined to pay him for the diminished value of the Vehicle, Holovich asserts that Progressive breached Zimmerman's policy. *See id.* at ¶ 28.

As indicated above, Progressive asserts that the court should dismiss this claim because Pennsylvania has rejected the proposition that a third-party claimant can bring a direct action against an alleged tortfeasor's insurer. *See* Def.'s Br. at ECF pp. 3–6. The court agrees.

"It is well-settled that under Pennsylvania law, an injured party has no right to directly sue the insurer of an alleged tortfeasor unless a provision of the policy or a statute create such a right." *Apalucci v. Agora Syndicate, Inc.*, 145 F.3d 630, 632 (3d Cir. 1998) (citations omitted); *see also Vella v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 1:17-CV-1900, 2018 WL 1907335, at *2 (M.D. Pa. Apr. 23, 2018) ("In Pennsylvania, it is well-settled law that a third-party claimant cannot bring a cause of action for bad faith against an alleged tortfeasor's liability insurer." (citing *Strutz v. State Farm Mut. Ins. Co.*, 609 A.2d 569, 570–71 (Pa. Super. 1992) and *Brown v. Candelora*, 708 A.2d 104, 108 (Pa. Commw. 1998))). As Holovich has not identified any portion of an applicable insurance policy that gives him the right to sue Progressive under Zimmerman's policy in this case, he cannot directly sue Progressive for a breach of that policy.[4]

Holovich's conclusory averment that he is an intended third-party beneficiary under the Zimmerman policy also does not save this claim. There is no allegation in the complaint that the Zimmerman policy contained any provision expressly providing that an injured party could pursue a claim against Progressive. *See Strutz v. State Farm Mut. Ins. Co.*, 609 A.2d 569, 570–71 (Pa. Super. 1992) ("To be considered a third-party beneficiary in this state it is necessary to show both parties to the contract had an intent to benefit the third party through the contract and did, in fact, explicitly indicate this intent in the contract. We find no such intent in [the tortfeasor's] contract of insurance with [the insurer], either explicit or implied. The parties' intent was to exchange

---

[4] Holovich also does not allege that Zimmerman assigned him any claims under her policy. *See, e.g., Dutton v. Am. Bankers Ins. Co.*, 65 Pa. D. & C.5th 431 (Philadelphia Cnty. Ct. Com. Pl. 2017) ("Although an insured's claims against his or her insurer are assignable, a third party has no standing to bring a direct action against the insurer unless there is an actual assignment of the claim from the insured to the third party." (internal citation omitted)).

premiums for liability protection, with no eye toward benefiting persons such as the plaintiffs."). Moreover, "in cases involving insurance contracts, courts have consistently rejected claims of third party beneficiary standing." *Hensley v. CNA*, Civ. A. No. 19-2837, 2020 WL 377014, at *3 (E.D. Pa. Jan. 23, 2020) (citing *Burks v. Fed. Ins. Co.*, 883 A.2d 1086, 1091 (Pa. Super. 2005) and *Commonwealth v. Celli-Flynn*, 540 A.2d 1365, 1368 (Pa. Commw. 1988)).

At bottom, Holovich does not have a direct contractual relationship with Progressive with respect to Zimmerman's policy. He therefore lacks standing to sue Progressive, "either directly or as a third[-]party beneficiary." *Hensley*, 2020 WL 377014, at *4 (citation omitted). Accordingly, the court will dismiss his claim for breach of contract under Zimmerman's policy.[5]

### 2.      Breach of Contract Claim Under Holovich's Policy

Holovich alleges that he paid premiums to Progressive for an automobile policy which included, *inter alia*, underinsured, and uninsured motorist coverage. *See* Compl. at ¶¶ 33, 34. To the extent that Zimmerman's policy would not cover the full diminished value of the Vehicle, Holovich claims that Progressive breached the terms of their policy with him by failing to pay him the diminished value as part of his claim for underinsured motorist benefits. *See id.* at ¶ 35.

Progressive has moved to dismiss this cause of action because Holovich's policy contains an exclusion providing that "coverage will not apply for loss 'to any vehicle for diminution of value.'" Def.'s Br. at ECF p. 6. It also argues that Pennsylvania law does not allow first party

---

[5] Although not referenced by Progressive, there is a Pennsylvania statute which allows a third party to bring a direct action against an alleged tortfeasor's insurer for a claim against the tortfeasor. *See* 40 P.S. § 117. This statute, however, is inapplicable here because the plaintiff must allege and prove that, *inter alia*, the insurer is insolvent. *See Kollar v. Miller*, 176 F.3d 175, 181 (3d Cir. 1999) (explaining that plaintiff proceeding under 40 P.S. § 117 must plead and prove that "(1) the insured is insolvent; (2) an accident or other covered event has occurred; (3) the insured is liable for the accident; (4) a judgment has been entered against the insured; (5) the third party has unsuccessfully sought to execute the judgment against the insured; and (6) the insurance company is a liability insurer for the insolvent insured").

claims for diminution of value. *See id.* (citing *Lobozzo v. Adam Eidemiller, Inc.*, 263 A.2d 432, 437 (Pa. 1970) and *Munoz v. Allstate Ins. Co.*, No. 9906-2855 (Pa. Com. Pl. 1999)).

After reviewing Progressive's brief, the court cannot dismiss Holovich's breach of contract claim at this time. Regarding Progressive's argument concerning the exclusion in Holovich's policy, there is a fundamental flaw in the argument: The policy is neither attached to the complaint nor the motion to dismiss. *See* Doc. Nos. 1, 3. As such, the court cannot ascertain whether the purported exclusion would operate to bar Holovich's breach of contract claim.

In addition, while Progressive contends that "Pennsylvania law does not recognize first party claims for diminution of value," Def.'s Br. at ECF p. 6, and purports to cite to two cases in support of this contention, one of the cases does not include this holding and the court cannot locate the other case.

Progressive cites to two cases: *Lobozzo v. Adam Eidemiller, Inc.*, 263 A.2d 432, 437 (Pa. 1970) and *Munoz v. Allstate Ins. Co.*, No. 9906-2855 (Pa. Com. Pl. 1999). Regarding *Munoz*, this is an unpublished Court of Common Pleas decision and Progressive has failed to indicate the relevant holding of the court in its brief. More importantly, Progressive has failed to provide an identifier of a database where the court could locate this case and, alternatively, has not provided the court with a copy of this case. Unfortunately, although the court independently attempted to locate the case on the main electronic databases, the court could not locate this case to determine whether it has any relevancy in this action.

As for *Lobozzo*, in that case the Supreme Court of Pennsylvania reviewed an action where owners of a combination cold storage plant and grocery store prevailed on a strict liability claim against a construction firm which had damaged their property when it set off explosions to prepare a roadbed for a highway. *See* 263 A.2d at 433. As part of the appeal, the Court addressed whether

"the proper measure of damages here should be the lower of the cost of repairs or the diminution in the value of the property." *Id.* at 437. The construction firm had argued that the proper measure of damages was the lower of the cost of repairs, relying on *Bumbarger v. Walker*, 164 A.2d 144 (Pa. Super. 1960).[6] *See id.*

The Court rejected the construction firm's argument, explaining that *Bumbarger* did not apply "because the damage to the building here was not permanent." *Id.* The Court determined that where the damages are not permanent, "the correct measure of damages is the cost of repair, unless that cost would exceed the value of the building." *Id.* (citations omitted).

Although *Lobozzo* involved the issue of the proper measure of damages for non-permanent damages to property, this court cannot ascertain how it applies in this case and it surely does not hold that "Pennsylvania law does not recognize first party claims for diminution of value." Def.'s Br. at ECF p. 6. It is even unclear whether *Lobozzo* could be extended to personal property as it only involved real property and the Court only recited the proper measure of damages relating to damage to real property. *See Pa. Dep't of Gen. Servs. v. U.S. Mineral Prods. Co.*, 898 A.2d 590, 596 (Pa. 2006) ("In Pennsylvania, the general measure of damages for permanent harm to ***real property*** is the diminution in market value attributable to the conduct, product, or instrumentality giving rise to liability, and in situations in which the harm is reparable, damages are assessed according to the lesser of the cost of repair or the market value of the affected property." (emphasis added) (citing *Lobozzo*, 263 A.2d at 437 & n.6)). Progressive has not cited to a case extending *Lobozzo* to personal property.

---

[6] In *Bumbarger*, the Superior Court explained (in a case also involving explosions causing damage to property) that "[w]hen the injury to property is permanent the measure of damages is the difference in market value before and after the injury or the cost of removing the obstruction[,] whichever is the lower amount." 164 A.2d at 150.

Nonetheless, even if the measure of damages established in *Lobozzo* applies to personal property,[7] the court still would not dismiss Holovich's breach of contract claim because his ability to obtain any money from Progressive depends on the terms of his Progressive policy and the court does not know what those terms are at this point. *Cf. Williams v. Enter. Hldgs., Inc.*, Civ. A. No. 12-5531, 2013 WL 1158508, at *1 (E.D. Pa. Mar. 20, 2013) (describing vehicle rental company's contract with renter, which provided that if there were damages to vehicle, renter would be responsible for, *inter alia* "diminishment of value to the vehicle"). While Progressive argues that damages for diminution of value are excluded, the court cannot assess that argument without viewing the policy. Accordingly, the court will deny the motion to dismiss to extent that Progressive seeks to have the court dismiss Holovich's breach of contract claim based on his Progressive policy.[8]

---

[7] Pennsylvania's Suggested Standard Civil Jury Instructions appear to contemplate that the *Lobozzo* measure of damages applies when a jury determines the proper amount of damages for damage to personal property. *See* Pa. SSJI (Civ), § 7.130 (2020) ("If the property was not a total loss and the harm is reparable, damages are measured by the reduction in market value or the reasonable cost of repairs, whichever is less."). Yet, there is also Pennsylvania caselaw (albeit it much older caselaw) which would seemingly permit a plaintiff to recover the costs of repair and the difference in market value of the vehicle before it was damaged and after it was repaired. *See Price v. Newell*, 53 Pa. Super. 628, 629–31 (1913) (finding no error where trial court instructed jury that it could conclude that proper measure of damages was cost of actual repairs to vehicle and "difference in the market value of the machine before the injury happened and after it was repaired"); *Horton v. Philadelphia Rapid Transit Co.*, 94 Pa. Super. 553, 555–56 (1928) ("[I]f the automobile was worth less after it was repaired than its value before the accident the measure of damages was the difference in the market value before the injury and after the repair in addition to the reasonable cost of repair."); *Sanft v. Haisfield Ford, Inc.*, 178 A.2d 791, 793 (Pa. Super. 1962) ("The measure of damages to an automobile not damaged beyond repair is the cost of repair. Or, as was stated in *Horton v. Phila. Rapid Transit Co.*, 94 Pa. Super. 553 (1928), the difference in value before damage and after repair, plus the cost of repair."). Regardless, it is unclear whether Progressive's policy required it to pay for the diminution of value to the Vehicle because the parties have not provided the court with a copy of the policy.

[8] The court notes that while Holovich provided an "expert report" to Progressive regarding the Vehicle's diminution in value due to the accident and subsequent repairs, there are many jurisdictions which require a plaintiff with a defective vehicle to attempt to sell the vehicle first before the plaintiff can claim the diminution of the vehicle as damages. *See Grant v. Bridgestone/Firestone, Inc.*, 55 Pa. D. & C.4th 438, 2001 WL 1807766, at *2 n.7 (Philadelphia Cnty. Ct. Com. Pl. 2001) (citing various cases holding "that a plaintiff cannot cite diminution in a vehicle's value as damage unless the plaintiff has tried to sell the defective vehicle").

### 3.      Unjust Enrichment

In his cause of action for unjust enrichment, Holovich alleges that he conferred a benefit upon Progressive by remitting premium payments to Progressive and by Progressive accepting those payments. *See* Compl. at ¶ 41. He asserts that remitting these premiums to Progressive caused him a detriment. *See id.* at ¶ 42. As Progressive has failed to pay him for the diminution in value of the Vehicle, Holovich believes that Progressive's retention of his premium payments is inequitable. *See id.* at ¶ 43.

Progressive requests that the court dismiss Holovich's unjust enrichment claim because (1) Holovich has conferred no benefit upon it and (2) he may not proceed with an unjust enrichment claim where the parties' relationship is based on a written agreement. The court agrees with Progressive that Holovich's unjust enrichment claim must be dismissed.

Under Pennsylvania law, to establish a claim for unjust enrichment, a plaintiff must show, "(1) benefits conferred on defendant by plaintiff, (2) appreciation of such benefits by defendant, and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Argue v. Triton Digital Inc.*, 734 F. App'x 148, 151 (3d Cir. 2018) (quoting *Mark Hershey Farms, Inc. v. Robinson*, 171 A.3d 810, 817 (Pa. Super. 2017)). To succeed on an unjust enrichment claim, a plaintiff must show that circumstances exist that make it "'unconscionable' for the defendant to retain the benefit conferred." *Id.* (quoting *Robinson*, 171 A.3d at 817).

A claim for unjust enrichment is "inapplicable when the relationship between the parties is founded on a written agreement or express contract." *Benefit Tr. Life Ins. Co. v. Union Nat'l Bank of Pittsburgh*, 776 F.2d 1174, 1177 (3d Cir. 1985) (citation and internal quotation marks omitted); *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006) (explaining that "the doctrine

of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how harsh the provisions of such contracts may seem in the light of subsequent happenings" and concluding that "the doctrine of unjust enrichment is inapplicable here because the relationships between the [school district] and the [defendant contractors] were founded upon written contracts"). A plaintiff, however, may generally bring a claim for both unjust enrichment and breach of contract as claims in the alternative, even though it is legally impossible to recover under both. *See Park v. Conn. Gen. Life Ins. Co.*, Civ. A. No. 06-4225, 2007 WL 9810908, at *4 (E.D. Pa. Mar. 9, 2007) ("Plaintiff entered into an insurance contract with Defendants and thus may not recover against Defendants on both breach of contract and unjust enrichment. He may, however, bring claims for both causes of action, despite the legal impossibility of recovery under both, as claims in the alternative." (citation omitted)).

Although a plaintiff may generally include an unjust enrichment claim as an alternative to a breach of contract claim, "they may plead this claim in the alternative [only] when there is a dispute about the existence or validity of a contract." *Buccigrossi v. Thomas Jefferson Univ.*, Civ. A. No. 21-cv-221-JMY, 2022 WL 1093127, at *4 (E.D. Pa. Apr. 12, 2022) (citations omitted). Here, Holovich has alleged that he had a contract with Progressive and Progressive has not denied the existence of that contract. "[I]n such circumstances, even when pled in the alternative, it is appropriate to dismiss a claim for unjust enrichment." *Id.* (citation omitted); *see Grudkowski v. Foremost Ins. Co.*, 556 F. App'x 165, 170 n.8 (3d Cir. 2014) (rejecting plaintiff's claim that she should . . . "be permitted to proceed on her unjust enrichment claim because plaintiffs may plead breach of contract and unjust enrichment claims in the alternative[]" because "pleading both breach of contract and unjust enrichment is plausible only when the validity of the contract itself is

actually disputed, making unjust enrichment a potentially available remedy" and "the existence and validity of" the insurance contract in the case was unchallenged); *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 527 (E.D. Pa. 2012) ("A plaintiff is permitted to plead alternative theories of recovery based on breach of contract and unjust enrichment in cases where there is a 'question as to the validity of the contract in question.'" (quoting *AmerisourceBergen Drug Corp. v. Allscripts Healthcare, LLC*, Civ. A. No. 10–6087, 2011 WL 3241356, at *3 (E.D. Pa. July 29, 2011))). Accordingly, the court will dismiss Holovich's unjust enrichment claim.[9] *See, e.g.*, *Martin v. Liberty Mut. Ins. Co.*, Civ. A. No. 21-4360, 2022 WL 580562, at *2 (E.D. Pa. Feb. 25, 2022) (granting motion to dismiss unjust enrichment claim where plaintiff alleged, and insurer did not dispute, "the existence of a valid insurance policy that governs the parties' relationship" and plaintiff also asserted claim for breach of that policy); *Neri v. State Farm Fire and Cas. Co.*, Civ. A. No. 19-355, 2019 WL 3821538, at *9 (E.D. Pa. Aug. 13, 2019) ("Here, Plaintiff's relationship with State Farm is based entirely on the homeowner's insurance policy. Where, as here, there exists a valid contract between the litigants, then neither Party may proceed on a quasi-contractual claim like unjust enrichment or constructive trust. Instead, the Parties may only pursue their rights under the contract that binds them. Thus, Plaintiff's quasicontractual claims under Count X are dismissed.").

---

[9] Although Progressive argues that the court should dismiss the unjust enrichment claim because Holovich did not confer any benefit upon it, Progressive has not elaborated on this argument in its brief or provided any case law in support of it. As such, the court has not considered the argument as a basis for dismissal. Nevertheless, the court notes that courts within this district have rejected the premise that the payment of premiums by an insured pursuant to an insurance contract can support an unjust enrichment claim. *See, e.g.*, *Ke v. Liberty Mut. Ins. Co.*, Civ. A. No. 20-1591, 2021 WL 5203150, at *5 (E.D. Pa. Nov. 9, 2021) ("Mr. Ke claims that that Liberty Mutual got a benefit from him, his premium, that it kept unfairly when it refused to repair his van. But unjust enrichment can occur only when parties exchanged a benefit outside of a contract. *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006). Here, Mr. Ke admits that he paid Liberty Mutual his monthly premiums under a valid insurance contract. Thus, his unjust-enrichment claim fails as a matter of law." (internal citation to complaint omitted)).

#### 4.      UTPCPL Claim

In the complaint, Holovich alleges that "Progressive's attempts to pass off [Zimmerman's] and/or [his] insurance policy(ies) as not encompassing diminished value, which flies in the face of well-established applicable law, is a violation of [the UTPCPL]." Compl. at ¶ 49. He avers that, in exchange for payments, Progressive represented that he "would be covered—not only as a third-party beneficiary to [Zimmerman's] policy but also under this own policy if [Zimmerman] is underinsured—regarding the damages the Vehicle sustained because of the May 22, 2021[] accident." *Id.* at ¶ 51. He further alleges that Progressive's misrepresentations were inducements for the purchase of the insurance policies. *See id.* at ¶ 52.

Progressive argues that the court should dismiss Holovich's UTPCPL claim because the Pennsylvania Superior Court, in *Wenk v. State Farm Fire & Casualty Co.*, 228 A.3d 540 (2020), concluded that the UTPCPL does not apply to the handling of insurance claims. *See* Def.'s Br. at ECF pp. 7–8. Progressive further points out that, following *Wenk*, district courts in Pennsylvania have "dismissed UTPCPL claims arising out of alleged claims handling misconduct." *Id.* at ECF pp. 8–9 (citing cases).

The court agrees with Progressive that Holovich has failed to state a plausible claim under the UTPCPL. Concerning

> UTPCPL claims that involve an insurance contract[:] . . .

> > To establish a claim under the UTPCPL, a plaintiff must prove: (1) he or she purchased or leased goods or services; (2) the goods or services were primarily for personal, family or household purposes; and (3) the plaintiff suffered an ascertainable loss as a result of the defendant's unlawful, deceptive act. 73 P.S. § 201–9.2(a). The plaintiff must show that the loss was caused by his or her justifiable reliance on the deceptive conduct. *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008) (citing *Schwartz v. Rockey*, 593 Pa. 536, 932 A.2d 885, 897 n.16 (2007); [*Toy v. Metro. Life Ins. Co.*,

> 593 Pa. 20, 928 A.2d 186, 202 (2007)]; *Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 854 A.2d 425, 438 (2004)).
>
> The insurance bad faith statute applies to post-contract formation conduct. The UTPCPL, on the other hand, applies to conduct surrounding the insurer's pre-formation conduct. The UTPCPL applies to the sale of an insurance policy. It does not apply to the handling of insurance claims. *Gibson v. Progressive Specialty Ins. Co.*, No. 15–1038, 2015 WL 2337294, at *4 (E.D. Pa. May 13, 2015). Rather, § 8371 provides the exclusive statutory remedy applicable to claims handling. *Id.*; *Bodnar v. State Farm Mut. Ins. Co.*, No. (C.P. Allegheny Oct. 21, 2008). Hence, an insured cannot bring an action under the UTPCPL based on the insurer's failure to pay a claim or to investigate a claim. *Nordi v. Keystone Health Plan W., Inc.*, 989 A.2d 376, 385 (Pa. Super. 2010); *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995) (citing *Gordon v. Pa. Blue Shield*, 378 Pa. Super. 256, 548 A.2d 600, 604 (1988)).

*Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564–65 (E.D. Pa. 2016); *see also Wenk v. State Farm Fire & Cas. Co.*, 228 A.3d 540, 550 (Pa. Super. 2020) ("The UTPCPL applies to the sale of an insurance policy, it does not apply to the handling of insurance claims, as alleged herein." (citing *Neustein v. Government Employees Insurance Co.*, 2018 WL 6603640 at *2 (W.D. Pa. filed November 29, 2018))).

*Wingrove v. Nationwide Prop. & Cas. Ins. Co.*, No. 2:21-CV-940, 2022 WL 912590, at *7 (W.D. Pa. Mar. 28, 2022).

Here, Holovich alleges that Progressive represented that he would be covered under his own policy for the damages sustained to the Vehicle if Zimmerman was underinsured. *See* Compl. at ¶ 51. He also alleges that Progressive's misrepresentations concerning the policy induced him to purchase his policy. *See* Compl. at ¶ 52. Nonetheless, the court has interpreted the crux of the UTPCPL claim as relating to Progressive's handling of Holovich's claim for the diminution in value of the Vehicle and not any malfeasance that resulted in Holovich purchasing his policy from Progressive. Accordingly, the court will dismiss Holovich's UTPCPL claim without prejudice to Holovich to replead it if he is intending to assert a claim based on the sale of the policy. *See, e.g.*,

17

*Neustein v. Gov't Emps. Ins. Co.*, Civ. A. No. 18-cv-645, 2018 WL 6603640, at *2 (W.D. Pa. Nov. 29, 2018) (concluding plaintiffs failed to state cause of action under UTPCPL, even though plaintiffs alleged that insurer misrepresented that "medical bill payment benefits were available for injuries resulting from a motor vehicle accident," because "[u]se of the word 'misrepresented' notwithstanding, the well-pled allegations in the amended complaint suggest that the issue here is [the insurer's] defective handling of the [plaintiffs'] claim, not malfeasance in the formation of the insurance contract").

### III.     CONCLUSION

For the reasons set forth above, the court will grant the motion to dismiss in part and deny it in part. The court will grant the motion to the extent it seeks dismissal of Holovich's breach of contract claim based on Zimmerman's policy and the unjust enrichment claim, and the court will dismiss those causes of action with prejudice. The court will also grant the motion to the extent it seeks dismissal of the UTPCPL claim and will dismiss this claim without prejudice to the plaintiff repleading it to the extent that he does have a claim relating to the sale of his insurance policy. The court will deny the motion to dismiss to the extent it seeks dismissal of Holovich's breach of contract claim based on his own Progressive policy.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

18